SETTLE ET AL., PARTNERS, *v.* THE PUBLIC UTILI-
TIES COMMISSION OF OHIO.

*Public utilities — Railroads — Lumber rates — Commission's orders
conclusive, when — Scope of review by courts — Order not un-
lawful or unreasonable, when.*

(No. 15145 — Decided July 1, 1916.)

ERROR to the Public Utilities Commission.

*Mr. Harry C. Barnes,* for plaintiffs in error.

*Mr. Freeman T. Eagleson; Mr. Edward Barton*
and *Mr. William A. Eggers,* for defendant in error.

BY THE COURT.    On February 1, 1915, plaintiffs
in error, W. H. Settle and George W. Clephane,
partners doing business as W. H. Settle & Co., filed
a complaint with the public utilities commission of
Ohio against The Baltimore & Ohio Southwestern
Railroad Company, in which they attacked the rate
charged by the railroad company for the transporta-
tion of lumber from Oakley station, Cincinnati,
Ohio, to Madisonville station, Cincinnati, Ohio.
The matter was heard upon the complaint, the an-
swer of the railroad company and the evidence. The
rate for the transportation of lumber from Oakley
to Madisonville, charged by the railroad company
prior to November 16, 1914, was one cent per one
hundred pounds. On November 16, 1914, the rate
was increased to 3.7 cents per one hundred pounds.
On January 14, 1915, it was reduced to 3.2 cents
per one hundred pounds, which last-named rate was

in effect at the time of the filing of the complaint. The distance from Oakley to Madisonville is 2.4 miles, and the commission found that the charge for transporting lumber less than 10 miles should not exceed 2.5 cents per one hundred pounds and this was found to be a reasonable rate. It was ordered that the railroad company be directed and required to cease and desist from charging and collecting said rate of 3.2 cents per one hundred pounds for the transportation of lumber between Oakley and Madisonville and to substitute therefor a rate not to exceed 2.5 cents per one hundred pounds and that a tariff be published and filed in accordance therewith. This order was made on the 7th day of April, 1915, and the railroad company in compliance therewith established a rate on lumber in carloads from Oakley to Madisonville of 2.5 cents per one hundred pounds, effective May 20, 1915. Thereafter, on the 21st day of May, 1915, plaintiffs in error filed another complaint with the public utilities commission against this railroad company, in which it was claimed that the rate of 2.5 cents per one hundred pounds and all other rates and charges maintained and charged by the company for the transportation of lumber in carloads from Oakley to Madisonville since November 16, 1914, were and had been unjust and unreasonable and discriminatory, and subjected plaintiffs in error, the locality of Madisonville, and the traffic in question, to an undue and unreasonable prejudice and disadvantage. The prayer of the complaint was that the commission make an order commanding the railroad company to place

Madisonville within the Cincinnati switching-limits and to cease and desist from the alleged violation of the laws of the state of Ohio. An answer to this complaint was filed by the railroad company, in which it was set up among other things that the decision of the commission of April 17, 1915, was *res adjudicata*. The matter came on for consideration upon the pleadings, the evidence and exhibits, including the record of the proceedings instituted on February 1, 1915, and was argued by counsel; and the order of the commission, dated October 29, 1915, was that the case be dismissed. An application for a rehearing was filed and was denied. A petition in error was filed in this court for the purpose of having the order of the public utilities commission reversed, vacated or modified.

The order of the commission of October 29, 1915, dismissing the second case, was in effect a holding that the rate complained of was not unreasonable, unjust or discriminatory, and, further, that no showing was made that Madisonville should be placed within the Cincinnati switching-limits. As was held in *The Hocking Valley Railway Co.* v. *The Public Utilities Commission of Ohio,* 92 Ohio St., 362, this court will not substitute its judgment for that of an administrative board, created pursuant to an act of the legislature, as to matters within its province, and before this court will interfere with the order of the public utilities commission it must appear from a consideration of the record that the action of the commission was unlawful or unreasonable. We have examined the record in this case and the proceedings had before

the commission and we are constrained to hold that the order of dismissal made by the public utilities commission was neither unlawful nor unreasonable.

*Order sustained.*

NICHOLS, C. J., JOHNSON, DONAHUE, NEWMAN, JONES and MATTHIAS, JJ., concur.

WANAMAKER, J., not participating.