By the Court
 

 (Kinkade, J.). This is an error proceeding by which the plaintiff in error seeks the reversal of an order of the Public Utilities Commission. The case presents for our consideration one question of law and two questions of fact.
 

 The law question arises as follows: The Great Eastern Stages, Inc., an interstate motor carrier of freight and passengers, was operating, under a single certificate issued by the commission, several lines of interstate haulage, embracing a very large number of counties and serving a very large area of the state, including therein the counties directly affected by its line extending between Cleveland, Ohio, and Salem, Ohio. This interstate motor carrier desired a modification of its certificate which would enable it to do intrastate haulage of passengers and freight between Cleveland and Salem and reverse. In preparing its application for consideration by the commission, it perfected the statutory requirement of advertising by publishing its advertisement in only the counties traversed by its line between Cleveland and Salem, and did not publish any notice in counties not so traversed. Many of these other counties were more than one hundred miles distant from any of the counties between Cleveland and Salem, and by reason of this could not possibly be affected by granting or refusing to grant the application sought.
 

 We cannot sustain the claim of plaintiff in error that failure to publish in all counties served by the applicant destroyed the jurisdiction of the commission to hear and decide the application tendered.
 

 It is urged by the plaintiff in error that the commission abused its discretion. Some months prior to the
 
 *262
 
 granting of the application the commission, upon evidence, had heard and denied a like application from the same applicant. Plaintiff in error does not now contend that the former ruling constitutes a complete bar to the hearing of the second application, but does insist that such former refusal is strong evidence of abuse of discretion by the commission.
 

 Sections 614-91 and 614-93, General Code, clearly authorize an applicant to renew or amend an application for modification at any time, the jurisdiction of the commission being continuous. It is a question as to whether, under the facts presented by this record, the commission acted unreasonably or unlawfully in granting the application. The record does not show that the order was unreasonable or unlawful in this particular, and hence we overrule this objection.
 

 The other question is whether the order granted is sustained by both public convenience and public necessity. The applicant carried the burden on this question, but the burden was upon the plaintiff in error on the question whether the granting of the application will substantially impair the existing rights of the protestant.
 

 This court does not substitute its own opinion for that of the Public Utilities Commission on questions of fact. But if this court finds, from a consideration of the evidence, that the commission has acted unreasonably or unlawfully, its order will be reversed. Section 544, General Code;
 
 City of Cincinnati
 
 v.
 
 Public Utilities Commission,
 
 91 Ohio St., 331, 110 N. E., 461, Ann. Cas., 1916E, 1081;
 
 Hocking Valley Ry. Co.
 
 v.
 
 Public Utilities Commission,
 
 92 Ohio St., 362, 110 N. E., 952;
 
 Settle et al., Partners,
 
 v.
 
 Public Utilities Commission,
 
 94 Ohio St., 417, 114 N. E., 1036;
 
 Akron, Canton & Youngstown Ry. Co.
 
 v.
 
 Public Utilities Commission,.
 
 96 Ohio St., 359, 117 N. E., 314;
 
 Pollitz
 
 v.
 
 Public Utilities Commission,
 
 97 Ohio St., 191, 119 N. E., 507;
 
 *263
 

 Ohio Utilities Co.
 
 v.
 
 Public Utilities Commission,
 
 108 Ohio St., 143, 140 N. E., 497.
 

 The order of the commission is affirmed.
 

 Order affirmed.
 

 Day, Stephenson, Jones and Matthias, JJ., concur.
 

 Weygandt, C. J., not participating.