Zimmerman, J.
 

 Appellant states the basic questions arising on the appeal substantially as follows:
 

 1. Does mere proof of an agreement between a contract carrier and a shipper afford a sufficient ground for the granting of a permit by the commission over the protest of an existing common carrier who is ready and prepared to meet adequately and satisfactorily the needs of the shipper?
 

 2. Should there be sufficient facts presented to enable the commission to find that the granting of the application of a contract carrier to add a shipper will comport with the declarations of policy contained in Sections 614-83 and 614-109, General Code, relating Jo the regulation of commercial motor vehicles in an orderly, efficient and economically sound manner in the furtherance of the public interest?
 

 In our opinion, the first of these question should be given a negative answer and the second an affirmative one.
 

 Under the record in the present case there is substantial evidence tending to show that the protestant, an existing common carrier, is in a position to meet the requirements of the Smith Sand & Gravel Company in
 
 *240
 

 &
 
 suitable manner with the identical type of equipment possessed by Chamberlain & Peck. Evidence is lacking that there is any demand for the proposed service •on the part of the contract carrier, or that the granting of its application would supply a need for more adequate, economical and efficient service than that which Jones is ready and able to furnish.
 

 In other words, it is ordinarily incumbent on a contract carrier seeking’permission to add a shipper to show a deficiency in the subsisting common-carrier service, that there is a call for his proffered service, and that the meeting of such call will not conflict with the public interest.
 

 In our view, the
 
 Bray case
 
 is not dispositive of the instant controversy. There, the shipper was engaged in a highly competitive business. A common carrier was transporting its products by frequent trips between Crooksville and Sebring, Ohio,- in a one and one-half ton truck at a cost of 30 cents per 100 pounds, and •refused to procure a.truck of greater capacity whereby the transportation cost would be reduced. A nearby ■contract carrier with a much larger truck entered into an agreement with the shipper to carry its products between the same points at a rate of 19 cents per 100 pounds, and asked the approval of the Public Utilities Commission, which was refused as inimical to the public interest.
 

 Reversing the commission’s order, this court held that “in the case of private transportation, a present permit holder should be required to furnish approximately equivalent service before he is entitled by protest to deprive the shipper of a substantially more beneficial contract,” unless it clearly appears that a contrary policy is necessary to protect the public interest.
 

 It would therefore seem that the
 
 Bray case
 
 is distinguishable from the pending proceeding.
 

 
 *241
 
 On the record before us, we find the order of the commission unreasonable and unlawful. Such order is accordingly reversed and the cause remanded for further investigation and a determination in harmony with the principles announced in this opinion.
 

 Order reversed.
 

 Weygandt, C. J., Matthias, Hart, Bell, Williams and Turner, JJ., concur.