On May 21, 1943, William J. Cannata, d. b. a. Cannata Trucking Company, filed with the Public Utilities Commission an application for a contract motor carrier permit for the transportation of beer in cases, barrels and other containers from the brewery of the Hudepohl Brewing Company in Cincinnati to the distributing point of the Ft. Hayes Beer Distributing Company in Columbus and for transportation of empty containers from the distributing point to the brewery. There were three protestants against granting the application — Fred Braddock, d.b.a. Braddock Motor Freight, Commercial Motor Freight, Inc., and Cleveland, Columbus Cincinnati Highway, Inc., all common carriers. The last named protestant did not participate in the hearing. The Public Utilities Commission granted the application and the first two of the above named protestants appealed to this court.
Prior to about March 1, 1943, a contract carrier had been engaged in transporting the beer by motor truck and his services were entirely satisfactory. When that carrier voluntarily quit on or about March 1, 1943, the protestant Braddock, as a common carrier, took up the transportation service and was still performing it at the time of the hearing below, with the exception that Commercial. Motor Freight, Inc., made two or three trips when Braddock was not available. The claim was made that the services of the common carriers had not been satisfactory. As a result, the Ft. Hayes Company entered into a contract with Cannata for the latter to carry on the transportation as a contract motor carrier and thereupon the application for a permit was filed as above stated.
The evidence taken below shows the following state of facts. The Ft. Hayes Beer Distributing Company distributes Hudepohl beer to approximately 500 customers in Columbus. Trucks bring the beer from the Hudepohl plant in Cincinnati to the distributing plant *Page 172 
in Columbus and after unloading take the empty containers back to Cincinnati, preparatory to making the next daily trip to Columbus. If the trucks are loaded in Cincinnati before noon, they can reach the distributing plant by 3:30 in the afternoon, unload, take on the empty containers and get back to Cincinnati in time to repeat the performance and get to Columbus again by 3:30 the following day.
When Braddock was doing the work of transportation he frequently did not get into Columbus until after 3:30 and sometimes so late that the truck could not be unloaded until the next morning. Ft. Hayes Company's drivers start work at 7:30 and quit at 4:30. After the latter hour, wages of time and a half for overtime are paid. Overtime work is expensive to the distributor and the men dislike it. Lateness of the truck's arrival places the burden of overtime on the Ft. Hayes company. When Braddock did not get to the brewery in Cincinnati at the right time, it would interfere with the Hudepohl Brewing Company, with the danger that its men would be required to work overtime. Sometimes Braddock would reach the distributing plant in Columbus in the morning and delay the distributing trucks of the Ft. Hayes company. He provided no refrigeration and will not be able to do so in the future. In hot weather the beer is likely to become sour unless kept cold. Cannata agrees to furnish refrigeration and make the hauls on time so as to prevent the payment of overtime wages.
There is, however, some conflict in the evidence as to whether the overtime employment by the Ft. Hayes company was caused by Braddock's services, and the extent to which transportation was delayed. Braddock also offered evidence tending to show that in the future be would be able to make prompt deliveries but admitted he would not furnish refrigeration. Thus factual *Page 173 
questions were presented for the determination of the commission.
Counsel have cited to this court the following cases:Bray v. Public Utilities Commission, 139 Ohio St. 409,40 N.E.2d 666; Jones v. Public Utilities Commission, 141 Ohio St. 237, 47 N.E.2d 780; and Cleveland, Columbus CincinnatiHighway, Inc., v. Public Utilities Commission, 141 Ohio St. 413, 48 N.E.2d 239. The principles pronounced therein are helpful to the court; but after all each case must stand or fall upon its particular facts. The services to be rendered in the case at bar are highly specialized as to time of transportation and delivery of both beer and the empty containers and as to refrigeration. There was evidence which warranted the granting to Cannata of the permit and this court cannot say that the order is unreasonable or unlawful.
Order affirmed.
WEYGANDT, C.J., MATTHIAS, HART, ZIMMERMAN, BELL and WILLIAMS, JJ., concur.
TURNER, J., not participating. *Page 174