By the Court.
On May 21, 1943, William J. Cannata, d. b. a. Cannata Trucking Company, filed with tbe Public Utilities Commission an application for a contract motor carrier permit for tbe transportation of beer in cases, barrels and other containers from tbe brewery of tbe Hudepobl Brewing Company in Cincinnati to tbe distributing point of tbe Ft. Hayes Beer Distributing Company in Columbus and for transportation of empty containers from tbe distributing point to tbe brewery. There were three protestants against granting tbe application — Fred Braddock, d.b.a. Braddock Motor Freight, Commercial Motor Freight, Inc., and Cleveland, Columbus & Cincinnati Highway, Inc., all common carriers. Tbe last named protestant did not participate in tbe bearing. Tbe Public Utilities Commission granted tbe application and tbe first two of tbe above named protestants appealed to this court.
Prior to about March 1, 1943, a contract carrier bad been engaged in transporting tbe beer by motor truck and bis services were entirely satisfactory. When that carrier voluntarily quit on or about March 1, 1943, the protestant Braddock, as a common carrier, took up the transportation service and was still performing it at tbe time of tbe bearing below, with tbe exception that Commercial Motor Freight, Inc., made two or three trips when Braddock was not available. The claim was made that the services of the common carriers bad not been satisfactory. As a result, tbe Ft. Hayes Company entered into a contract with Cannata for tbe latter to carry on tbe transportation as a contract motor carrier and thereupon tbe application for a permit was filed as above stated.
Tbe evidence taken below shows the following state of facts. Tbe Ft. Hayes Beer Distributing Company distributes Hudepobl beer to approximately 500 customers in Columbus. Trucks bring tbe beer from tbe Hudepohl plant in Cincinnati to tbe distributing plant *172 in Columbus and after unloading take the empty containers back to Cincinnati, preparatory to making the next daily trip to Columbus. If the trucks are loaded in .Cincinnati before noon, they can reach the distributing plant by 3:30 in the afternoon, unload, take on the empty containers and get back to Cincinnati in time to repeat the performance and get to Columbus again by 3:30 the following day.
When Braddock was doing the work of transportation he frequently did not get into Columbus until after 3:30 and sometimes so late that the truck could not be unloaded until the next morning. Ft. Hayes Company’s drivers start work at 7:30 and quit at 4:30. After the latter hour, wages of time and a half for overtime are paid. Overtime work is expensive to the distributor and the men dislike it. Lateness of the truck’s arrival places the burden of overtime on the Ft. Hayes company. When Braddock did not get to the brewery in Cincinnati at the right time, it would interfere with the Hudepohl Brewing Company, with the danger that its men would be required to work overtime. Sometimes Braddock would reach the distributing plant in Columbus in the morning and delay the distributing trucks of the Ft. Hayes company. He provided no refrigeration and will not be able to do so in the future. In hot weather the beer is likely to become sour unless kept cold. Cannata agrees to furnish refrigeration and make the hauls on time so as to prevent the payment of overtime wages.
There is, however, some conflict in the evidence as to whether the overtime employment by the Ft. Hayes company was caused by Braddock’s services, and the extent to which transportation was delayed. Braddock also offered evidence tending to show that in the future he would be able to make prompt deliveries but admitted he would not furnish refrigeration. Thus factual *173 questions were presented for the determination of the commission.
Counsel have cited to this court the following cases: Bray v. Public Utilities Commission, 139 Ohio St., 409, 40 N. E. (2d), 666; Jones v. Public Utilities Commission, 141 Ohio St., 237, 47 N. E. (2d), 780; and Cleveland, Columbus & Cincinnati Highway, Inc., v. Public Utilities Commission, 141 Ohio St., 413, 48 N. E. (2d), 239. The principles pronounced therein are helpful to the court; but after all each case must stand or fall upon its particular facts. The services to be rendered in the case at bar are highly specialized as to time of transportation and delivery of both beer and the empty containers and as to refrigeration. There was evidence which warranted the granting to Cannatá of the permit and this court cannot say that the order is unreasonable or unlawful.

Order affirmed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Bell and Williams, JJ., concur.
Turner, J., not participating.