Zimmerman, J.
 

 Appellant offered evidence at the hearing, tending to show that the Miami Margarine Company, hereafter referred to as shipper, had experienced difficulties in obtaining desirable and efficient transportation service for the distribution 'of its product in Ohio. The shipper had made use of contract motor carriers which had become unavailable. It had also utilized the services of the protestants from time to time, with unsatisfactory results. There had been delays in obtaining service, difficulties with unloading and disputes over various matters. The shipper finally solicited the appellant, who was engaged in the carriage of some of its interstate shipments, to undertake the transportation and delivery of at least a part of its product in Ohio. After a survey, appellant made a proposal to the shipper, which was accepted and a contract executed. Thereafter, appellant filed his application, hereinbefore described, which was denied.
 

 The president of the margarine company in charge of transportation testified that his establishment produced between twenty and thirty million pounds of
 
 *577
 
 margarine annually, that approximately twenty percent of it was sold in Ohio and that only a fraction of the entire output was transported by motor carriers to the buyers or consignees.
 

 It developed upon the hearing that the protestants are motor common carriers possessing authority from the commission to operate in all parts of Ohio where the shipper requires service. They asserted ability, readiness and willingness to supply the needs of this shipper, although testimony was given indicating that their previous carriage of goods for the shipper in small quantities had proved financially unprofitable to them. Whether there was any material difference between the transportation charges of the protestants and the cost of carriage under the contract between the shipper and the appellant does not clearly appear.
 

 In its brief and in oral argument the appellee pointed out the considerations which impelled it to make the order denying the application. It called attention to the fact that one of the principal purposes of the Motor Transportation Act and the Private Motor Carrier Act is the regulation of the commercial motor vehicle business in an orderly, efficient and economically sound manner in the public interest; that common carriers must serve all who seek their services at fixed rates, while contract carriers are at liberty to select their shippers and may discriminate among them, both as to services and charges; that if the unrestricted operation of contract carriers is permitted, they may succeed in obtaining the best and most profitable business, thus imperiling the existence of the common car-riers by leaving them only the dregs, with the result that undesirable and destructive conditions will prevail, creating chaos in the motor transportation industry to the prejudice of the public; that to control such a situation the Public Utilities Commission must rec•ognize the rights of common carriers, by requiring
 
 *578
 
 contract carriers, seeking to add shippers, to show a definite deficiency in the available service of protesting common carriers; that there is a special need for the services of the contract carriers which cannot be adequately met by the common carriers; and that in approving the applications of the contract carriers the public will not be injuriously affected.
 

 The appellee further states in effect that in analyzing the evidence before it with the principles outlined above in mind, it reached the conclusion that appellant had failed to show such persuasive or cogent reasons as would warrant the allowance of the application over the objections of the common-carrier protestants; that, conceding the contemplated service to be rendered by appellant to the shipper might be more convenient and satisfactory to the latter, still the available service of the protestants, using similar equipment, would sufficiently meet the requirements of the shipper; and that utilization of the service of the protestants, when needed, would better conserve the public interest.
 

 . Both sides have cited and commented upon a number of recent decisions involving appeals from orders of the commission, having to do with motor common carriers and motor contract carriers. Attention is directed to the cases of
 
 Bray
 
 v.
 
 Public Utilities Commission, 139
 
 Ohio St., 409, 40 N. E. (2d),
 
 666; Jones
 
 v.
 
 Public Utilities Commission,
 
 141 Ohio St., 237, 47 N. E. (2d), 780;
 
 Columbus-Cincinnati Trucking Co.
 
 v.
 
 Public Utilities Commission,
 
 141 Ohio St., 228, 47 N. E. (2d), 623; and
 
 Commercial Motor Freight, Inc.,
 
 v.
 
 Public Utilities Commission, ante,
 
 170, none of which, in our opinion, is quite dispositive of the instant case.
 

 As was remarked in the case last cited, a decision in controversies of this kind depends largely upon the circumstances peculiar to each case and, while general principles are helpful, cases previously, decided are
 
 *579
 
 frequently not controlling of-the precise question immediately involved.
 

 In the present case testimony was introduced by the appellant that on specified occasions the shipper , hacl some real causes for complaint against the protestant motor common carriers, consisting of difficulty of obtaining transportation when needed, apparent indifference on the part of such carriers about serving the shipper and the display of an arbitrary attitude by such carriers. Nevertheless, in reading the evidence in its entirety the impression is gained that the shipper was prone to emphasize the occasions upon which difficulties were encountered and was reluctant to acknowledge the numerous instances where the transportation service supplied by the protestants was of a prompt and satisfactory kind.
 

 It must be admitted that this is a close case, and we are frank to confess that had the commission entered an order granting the application, it is probable that such order would not have been disturbed on appeal. However, the order as made represents the studied determination, of the commission, based oh meritorious considerations, and we cannot fairly condemn it as unreasonable or unlawful within the import of those statutory terms. Such order will therefore be affirmed.
 

 Order affirmed.
 

 Weygandt, C. J., Matthias, Hart, Bell, Williams and Turner, JJ., concur.