Matthias, J.,
 

 dissenting. In my opinion, the orders of the Public Utilities Commission in these cases typify an increasing disregard of the fundamental principle that in the matter of the regulation of motor transportation carriers, "the purpose of the motor transportation legislation is to secure to the public necessary and convenient common carrier service over the highways, but not to surrender any of the rights of the public in such highways to persons, partnerships, or corporations operating motor transportation lines; that such certificates are issued for the benefit of the public and not for the benefit of the recipient.”
 
 Pennsylvania Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 116 Ohio St., 80, 88, 155 N. E., 694;
 
 Mc
 
 
 *348
 

 Lain
 
 v.
 
 Public Utilities Commission,
 
 110 Ohio St., 1, 143 N. E., 381;
 
 Bray
 
 v.
 
 Public Utilities Commission,
 
 139 Ohio St., 409, 413, 40 N. E. (2d), 666; and
 
 Jones
 
 v.
 
 Public Utilities Commission,
 
 141 Ohio St., 237, 47 N. E. (2d), 780.
 

 Additional service should be authorized only when the service provided is inadequate or will not be made adequate by existing facilities.
 
 Scioto Valley Ry. & Power Co.
 
 v.
 
 Public Utilities Commission,
 
 115 Ohio St., 358, 154 N. E., 320;
 
 Stark Electric Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 118 Ohio St., 405, 161 N. E., 208;
 
 New York Central Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 123 Ohio St., 370, 175 N. E., 596; and
 
 H. & K. Motor Transportation, Inc.,
 
 v.
 
 Public Utilities Commission,
 
 135 Ohio St., 145, 19 N. E. (2d), 956.
 

 Where application for permission to operate additional transportation by trucks over the public highways is involved, as herein, the interests of the public should be given first consideration and the “public” is not limited to carriers and shippers. The benefit of proposed lower rates and more convenient schedules for a particular shipper is no indication that the interest of the public is being served by the granting of the certificates sought.
 

 “Public convenience and necessity” are prerequisites to the granting of certificates to operate motor carriers over the public highways and are limitations upon the Public Utilities Commission so that no more trucks, or busses, shall occupy the highways than are required to provide adequate transportation service for the convenience of the public.
 

 The findings by the commission that the shippers would secure certain conveniences and special services by granting another person' permission to procure trucks and place them on the highways in addition to the trucks of other carriers now serving the shippers fail completely to show that public convenience and
 
 *349
 
 necessity would be served by the granting of these additional certificates.
 

 The orders of the commission should, therefore, be reversed.
 

 Taft, J., concurs in the foregoing dissenting opinion.