Haht, J.
The protestant and the commission agree that it is incumbent upon a contract motor carrier who seeks permission to add a shipper to his list, to show a deficiency in the service of a subsisting and protesting common carrier presently serving the shipper ; that there is a demand for the proffered service; and that the filling of such demand will not conflict with the public interest.
The attorney examiner, before whom the witnesses testified at length in this case, found specifically that “the proposed operation does not come within the definition of a motor transportation company and is that of a private motor carrier”; that “the contract is bilateral”; that “a lesser contract rate resulting from the use of larger equipment by the contract carrier is a sufficient deficiency upon which to base the granting of a contract carrier permit when the shipper’s business is highly competitive”; and that* “the granting of the application would be consistent with the policy and purpose of the act regulating transportation by *15 motor vehicle.” The examiner recommended that the application be granted, limiting the operation, however, to outbound movements from Wooster.
The commission adopted as its own the summary of the evidence and the findings contained in the report of its attorney examiner and granted the application, conditioned on the filing of an amended contract of carriage limiting the operation to outbound movements from Wooster.
The protestant in its assignment of errors claims that the commission erred in that its findings are not supported by substantial evidence or any evidence and are contrary to law; and, especially, that the commission erred in finding on the evidence a deficiency in the service of a subsisting and protesting common carrier.
This court has frequently held that it will not, on appeal from the Public Utilities Commission, substitute its judgment for that of the commission on questions of fact and will not disturb a finding and order of the commission unless it appears from the record that mch finding and order are manifestly against the weight of the evidence or are so clearly unsupported by it as to show misapprehension, mistake, or willful disregard of duty. Hocking Valley Ry. Co. v. Public Utilities Commission, 92 Ohio St., 362, 110 N. E., 952; Settle et al., Partners, v. Public Utilities Commission, 94 Ohio St., 417, 114 N. E., 1036; Hardin-Wyandot Lighting Co. v. Public Utilities Commission, 108 Ohio St., 207, 140 N. E., 779; Co-operative Legislative Committee of the Transportation Brotherhoods v. Public Utilities Commission, 150 Ohio St., 270, 80 N. E. (2d), 846; Village of Glouster v. Public Utilities Commission, 155 Ohio St., 162, 97 N. E. (2d), 658; City of Marietta v. Public Utilities Commission, 148 Ohio St., 173 74 N. E. (2d), 74.
The protestant relies on Jones v. Public Utilities *16 Commission, 141 Ohio St., 237, 47 N. E. (2d), 780, where this court held:
“Ordinarily, it is incumbent upon a contract motor carrier who seeks permission to add a shipper to his list, to show a deficiency in the service of a subsisting and protesting common carrier, that there is a demand for the proffered service, and that the filling of such demand will not conflict with the public interest.”
The protestant claims that on the authority of the Jones case the order in this case must be reversed because the applicant has not shown any deficiency in the service of any subsisting and protesting common carrier and in particular has not shown any deficiency in the service of this protestant.
The record shows and the commission found that Bauer, in using common carrier service for the transportation of its products to market, has been obliged to pay rates based on a minimum load, when the protesting carriers now serving it can not and have not offered it service equivalent to that now offered by the applicant. In the opinion of this court, an inability of a carrier to provide service to its shipper at rates substantially equivalent to that of other proffered carrier service constitutes a deficiency in service within the purview of the applicable statutes.
The commission in granting the application in this case relied on Bray v. Public Utilities Commission, 139 Ohio St., 409, 40 N. E. (2d), 666, a case similar in facts to the instant case, wherein this court held:
“The primary purpose of legislative enactment for the regulation of carriers through the Public Utilities Commission is to secure the best transportation service possible, and not to conserve the private interest of any carrier, unless the public interest demands it.
‘ ‘ The regulation of private shipping through private *17 contract carriers should not unnecessarily interfere with the right of private contract, and a shipper should be afforded an opportunity to secure transportation at the most advantageous rates, consistent with the public interest.”
Judge Zimmerman, in his opinion in the Jones case, properly appraised as follows the issues in the Bray case:
* £be shipper was engaged in a highly competitive business. A common carrier was transporting its products by frequent trips between Crooks-ville and Sebring, Ohio, in a one and one-half ton truck at a cost of 30 cents per 100 pounds, and refused to procure a truck of greater capacity whereby the transportation cost would be reduced. A nearby contract carrier with a much larger truck entered into an agreement with the shipper to carry its products between the same points at a rate of 19 cents per 100 pounds, and asked the approval of the Public Utilities Commission, which was refused as inimical to the public interest.
“Reversing the commission’s order, this court held that ‘in the case of private transportation, a present permit holder should be required to furnish approximately equivalent service before he is entitled by protest to deprive the shipper of a substantially more beneficial contract,’ unless it clearly appears that a contrary policy is necessary to protect the public interest. ’ ’
That statement shows the similarity of facts and issues in the Bray case to those in the instant case and points the way to the decision which must be here made. Under the circumstances of the instant case, there appears no reason why this court should reverse the order of the Public Utilities Commission as being unreasonable or unlawful. See Fischbach, d. b. a. *18 Fischbach Trucking Co., v. Public Utilities Commission, 143 Ohio St., 575, 578, 579, 56 N. E. (2d), 162.
The order of the Public Utilities Commission is affirmed.

Order affirmed.

Weygandt, C. J., Matthias, Zimmerman, Stewart and Bell, JJ., concur.