BRUDER, D. B. A. BRUDER CARTAGE CO., *v.* PUBLIC UTILITIES COMMISSION OF OHIO.

[Cite as Bruder v. P. U. C., 15 Ohio Misc. 96.]

(Decided January 25, 1967.)

Public Utilities Commission of Ohio.

*Mr. Bernard S. Goldfarb* and *Mr. Sheldon M. Gisser,* for appellant.

*Mr. Earl N. Merwin,* on behalf of Matlack, Inc., T. Ipsaro, Inc., and Ipsaro Trucking Co., protestants.

*Mr. William V. Blake,* on behalf of M & R Trucking, Inc. and A. A. Rocco Trucking, Inc., protestant.

NATURE OF THE PROCEEDINGS:

Authority is sought for a new contract motor carrier permit to transport building supplies for some half-dozen

shippers "to points within a sixty (60) mile radius of Cleveland, Ohio." (While "radius" can indicate an area bounded by certain definite limits, this examiner ruled that radius, without such definite interior limits, must be a sixty (60) mile straight line extending from the center of Cleveland which general acceptance would consider the Public Square.

Cleveland, as a whole, is not suitable as the center implied by the term "radius," whose limit would normally be the circumference of a circle.

A restriction was taken against the transportation of commodities in bulk, resulting in the withdrawal of T. Ipsaro, Inc., M & R Trucking, Inc., and A. A. Rocco Trucking, Inc., as protestants; remaining parties of record only that they might receive reports and recommendations of the examiner, and rulings of the Commission.

DISCUSSION:

The Supreme Court of the State of Ohio in *Jones* v. *Public Utilities Commission of Ohio*, 141 Ohio St. 237, decided March 17, 1943, held that:

"Ordinarily, it is incumbent upon a contract motor carrier who seeks permission to add a shipper to his list, to show a deficiency in the service of a subsisting and protesting common carrier, that there is a demand for the proffered service, and that the filling of such demand will not conflict with the public interest."

In conformity with Section 4923.07, Revised Code, the commission has consistently followed this with new contract motor carrier applications as well as change-of-shipper applications when the factual situations are analogous. Case No. 4647 *Revel V. Oliver for a Contract Motor Carrier Permit*, approved in August, 1964 states:

"It is incumbent on an applicant for a contract motor carrier permit to show a deficiency in the service of existing and protesting common carriers, that there is a demand for the proffered service, and that the filling of such demand will not conflict with the public interest. (*Jones* v. *Public Utilities Commission of Ohio*, 141 Ohio St. 237.)"

The first of these factors is the showing of a deficiency

in the service of subsisting and protesting carriers, without which showing there is no need of going further and the application must fail.

The protestant here appearing is subsisting and is fully capable in this examiner's opinion, of serving the needs of the seven shippers who appeared and gave testimoney on behalf of the applicant. Some have received direct and some indirect (protestant makes delivery from a manufacturer to a customer of one of these shippers) service and only one had made an offer of business which protestant was unable to accept.

Whereas, it is true that this one instance provides direct evidence of deficiency of service, it does appear that before the day was over, and, as a matter of fact, within a very few hours of the time of the first call, the protestant proffered a truck for the performance of the delivery in question, but too late to receive the order which was already in transit. It is necessary to weigh all the factors, which it seems, easily overbalance this one instance of deficiency. In the first place the protestant owns considerable of the specialized equipment, specialized in that mechanical unloading devices are mounted on the equipment. Secondly, the shippers involved have given this protestant little or no opportunity to be of service. Thirdly, the protestant stands ready, willing and able to respond to calls, either with his own equipment or with leased equipment, and has done some soliciting, and some advertising.

The applicant's testimony indicates a growth outward from the city limits of Cleveland, which area grows immensely with each expansion into an ever widening semicircle. The contractors and other customers want the material delivered to the job sites at times upon which they can rely. But it is not to be denied that the protestant's ability to serve these customers has hardly been tested. To the contrary much carriage has been conducted illegally by the applicant who along with the manufacturers' and distributors' own vehicles, has been the sole reliance of many of these shippers. It is true that protestant's equipment is busy a majority of the time with the carriage of a competitor's building supplies, said com-

petitor being also a manufacturer. But he never has less than 20 per cent of his own equipment, which can and will be supplemented, available for the use of these shippers whose testimony gave no indication of concern about competitive hauling. The sole concern was for adequate equipment to meet present needs and to encourage growth into new sales territory. There was insufficient evidence of this protestant's incapacity to amply serve, so his positive averments of ability to meet all authorized transportation needs must, therefore, prevail.

Taken as a whole the evidence shows a capable, trustworthy applicant frequently going beyond the exempt areas to which he was restricted, and giving such good service that the service of the duly authorized protestant was neglected or completely scorned. As the examiner interprets the rulings previously cited, however, said protestant common carrier is to be preferred until such time, at least, as there is a real deficiency in his ability to meet the proffered service. The essential flaw in the applicant's case is the failure of proffer service, and thereby test for deficiency. One minor instance of claimed deficiency can and should be excused especially when it is not indicated that the several hours delay in tendering the service was prejudicial.

Certainly it is necessary to give the available common carrier a chance to show whether or not his service is "reasonably adequate," and one miscue is not unreasonable, especially where the shipper in question owns fifteen delivery trucks, all of which must have been busy, ostensibly, indicative of a periodic rush season.

Insofar as the commission's records are concerned, there is no failure to authorize in any irregular certificate, transportation to and from points in Ohio, when the base points are shown, as here, and "motor transportation service in intrastate commerce, over irregular routes" is granted by said certificate. Section 4921.09, Revised Code, rules an applicant for an irregular certificate must show "the location of the places of business from and to which" he proposes to operate; and paragraph (D) of Rule 3.30 Operation Over Irregular Routes states: "Service may be

rendered only from and to the territory or points of origin or final destination for which the irregular route certificate provides, and only for the commodity or commodities as authorized thereunder." This final phrase likewise meets any misapprehension of the applicant regarding protestant's tariff which has been duly filed and approved for use under his certificate.

The examiner recommends, therefore, the denial of this application.

FINDINGS:

From an examination of the testimony and exhibits submitted herein, your attorney examiner finds as follows:

(1) The application, publication and all requirements of the statutes and of the commission are in proper form.

(2) The commissoin has jurisdiction to hear and determine the issues herein presented.

(3) The applicant failed to show that the service available from the subsisting and protesting common carrier is not reasonably adequate.

RECOMMENDATION:

It is, therefore, recommended that the instant application be denied.

Respectfully submitted,
THOMAS V. DICKENS,
*Attorney Examiner.*

OPINION AND ORDER.

(Entered April 24, 1967.)

This day, after full hearing, due notice of the time and place of which was given by publication and otherwise as provided by law, this matter came on for consideration upon the application of Dave Bruder, d. b. a. Bruder Cartage Company, for a permit to transport property as a private motor carrier for hire, upon the highways of the state of Ohio, for the following named persons, firms or corporations: The Ideal Builders Supply and Fuel Co., 4720 Brookpark; Southwest Supply and Concrete Co., 4015 W. 150th Street; Powell Builders Supply, 27300 Detroit; Bill

Bruder, Inc., 11955 Shaker; Thomas Brick Co., 27750 Chagrin; Westview Concrete Corporation, 26000 Sprague; and Forbes Brick and Tile Co., The Lincoln Building, all of Cleveland, Ohio; the affidavits filed by each of the aforesaid persons, firms or corporations, evidencing the existence and subsistence of such contracts, and the testimony and the exhibits offered and introduced in the hearing. The commission, after considering the aforesaid, the testimony adduced at the hearing, the report, findings and recommendations of its examiner, the exceptions, and reply thereto, now, in conformity with Section 4903.09, Revised Code, hereby renders its Opinion and Order.

OPINION:

Applicant seeks a contract motor carrier permit to serve the shippers' various origin points, mostly in Cuyahoga, but also in surrounding counties. The contracts are bi-lateral in nature. The operation proposed is not in the public interest. The shippers own considerable transportation equipment, or rely on contract motor carriers, employed by themselves or their manufacturers, for the delivery of much of their sales. There is reasonable assurance that common carrier service such as the one protestant, Ipsaro Trucking Company, is in a position to give, would be adequate to fulfill the transportation needs, in addition to those set out, of these shippers.

An applicant for a contract motor carrier permit is required to prove need for the proffered service and a deficiency in the service of the existing and protesting common carriers serving the territory in question.

Applicant's testimony neither established need for additional equipment, nor that the particular kind of equipment used by the protestant carrier was inadequate. He thus has failed to sustain his burden of proof, both as to need and inadequacy of the protestant's facilities.

The one instance of inability to respond, by the protestant, even if it covered a delivery outside the exempt area, which it did not, would be insufficient to prove deficiency of service.

Any holder of authority from this commission, such

as the applicant, holder of Irregular Certificate No. 6840-I, must know the limits of that authority.

When such holder, as here, transports different commodities with different equipment for the named shippers, in an exempt area, he is held, a fortiori, to know the limits within which he may so operate without being in flagrant disregard of this commission.

The commission now determines that the evidence has failed to show need, and also has failed to prove a deficiency in the service of the protestant. The commission, therefore, upon consideration of the exceptions to the examiner's report, and the reply thereto, finds that the exceptions are not well made and should be overruled.

COMMISSION FINDING:

The commission, being fully advised in the premises, now finds:

That the application of Dave Bruder, d. b. a. Bruder Cartage Company, for a contract motor carrier permit, should be denied for the reasons that need for such permit has not been established and deficiency in the service of the protesting carrier was not shown.

ORDER:

It is, therefore,

ORDERED, That the report and findings of the attorney examiner, as modified herein, be adopted. It is, further

ORDERED, That the exceptions of the within named applicant to the examiner's report be, and the same hereby are, overruled. It is, further

ORDERED, That the application of Dave Bruder, d. b. a. Bruder Cartage Company, for a contract motor carrier permit be, and the same hereby is, denied.

THE PUBLIC UTILITIES COMMISSION OF OHIO,
CARL R. JOHNSON,
*Chairman,*
KENNETH B. JOHNSTON,
JAY C. FLOWERS,
*Commissioners.*