B & D DELIVERY, INC., APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO, APPELLEE.

(No. 74-517—Decided January 29, 1975.)

*Mr. Eugene Sidney Bayer*, for appellant.

*Mr. William J. Brown*, attorney general, *Mr. Keith F. Henley* and *Mr. Robert T. Maison*, for appellee.

*Per Curiam.* The crux of appellant's arguments is that the denial of appellant's application after competitor objection was an abuse of discretion because appellant did

show deficiencies in existing service, and that appellant was a "proper person" for the certificate it seeks.

In *Jones* v. *Pub. Util. Comm.* (1943), 141 Ohio St. 237, this court held that "it is incumbent upon a contract motor carrier who seeks permission to add a shipper to his list, to show a deficiency in the service of a subsisting and protesting common carrier." Further, the court held, the "mere proof of an agreement between a contract motor carrier and a shipper for the carriage of materials does not afford a sufficient basis for the granting * * * of a permit for such carriage over the protest of an existing common carrier who is ready and prepared to meet adequately and satisfactorily the needs of the shipper."

Here, the commission concluded that there was "no demonstrated deficiency in the service of the subsisting and protesting common carriers." In *Wooster Freight Lines* v. *Pub. Util. Comm.* (1955), 163 Ohio St. 11, this court said that, in an appeal from the Public Utilities Commission, the Supreme Court will not "substitute its judgment for that of the commission on questions of fact and will not disturb a finding and order of the commission unless it appears from the record that such finding and order are manifestly against the weight of the evidence."

In *D. G. & U. Truck Lines* v. *Pub. Util. Comm.* (1965), 4 Ohio St. 2d 113, a case in which the commission granted a certificate of public convenience and necessity to a common carrier, this court said that the commission "may exercise reasonable discretion in order to determine whether an applicant is a proper party to receive such a certificate."

Here, the commission specifically found that appellant "has been rendering service to the two supporting shippers in intrastate commerce for approximately six years without authority * * * in contravention of the laws."

Accordingly, we find that the order of the Public Utilities Commission is neither unreasonable nor unlawful, and it is, therefore, affirmed.

*Order affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.