By the Court.
 

 The grounds for reversal upon which plaintiffs in error rely are three:
 

 First, that C. M. Bebout, owner of a certificate of public convenience and necessity authorizing the operation of a motor transportation company between Mt. Vernon, Knox county, and Mansfield, Richland county, was not given notice as required
 
 *544
 
 by law of the filing of the application or of the date of hearing.
 

 The record shows that the actual operation of this line at the time of the filing of the application herein was by the Buckeye Stages, Inc., under lease from Bebout, and that such company was duly served with notice. The further fact is disclosed by the record that counsel announced his appearance at the inception of the hearing on behalf of Bebout, and that under date of July 15th Bebout signed a written protest, which was filed July 21st, against the granting of the extension in question. By so doing, he entered his appearance and waived any rights he might have had as to notice under Section 614-91, General Code.
 
 Long
 
 v.
 
 Newhouse,
 
 57 Ohio St., 348, 49 N. E., 79.
 

 Second, another ground upon which reversal is sought is that no proper map showing accurately the streets and highways and public roads over which the proposed route was to extend was filed with the application.
 

 The commission found that the maps and blueprints filed and that are attached to the record were in such form as to substantially comply with Section 614-91, General Code, and the regulations of the commission. Examination of the same convinces us that the conclusion of the commission should not be disturbed in that behalf.
 

 The third and paramount ground of reversal claimed is that this extension was establishing a new transportation operation between Mansfield, Mt. Gilead, and Columbus, without any showing made that public convenience and necessity demanded or required such operation. This ground
 
 *545
 
 is therefore based upon a determination of a question of fact and goes to the weight of the evidence.
 

 The commission would be justified in granting this extension if the preponderance of the evidence showed that the public affected by such proposed extension did not have adequate common carrier transportation service, and that the granting of such extension would serve the convenience and necessity of the general public and eliminate the inadequacy and inconvenience of such lack of service, the needs of the public being the primary consideration.
 

 Applying this rule, the preponderance of the evidence showed that the people of Mansfield, Lexington, Johnsville and Mt. Gilead, and the territory between said points, did not have any direct service whatsoever to Fulton, Marengo, Olive Green, Kilbourne, and Flint, a region in which there are centralized schools, county schools, and churches, and to points south to Minerva Park; nor did the public living in the territory along the route of the proposed extension have any service whatsoever to Mt. Gilead, Johnsville, Lexington, Mansfield, and points between; nor did the public living along the line of the proposed extension have adequate service into and out of the city of Columbus.
 

 None of the protestants gives any public common carrier service to and from Flint, Kilbourne, Olive Green, Fargo, Marengo, and Fulton, to and from points either north or south of the extension, or to points within the extension. Such competing service is reached at considerable inconvenience to the public living along the line of the proposed extension.
 

 
 *546
 
 The Public Utilities Commission apparently found that the public to be served by the proposed extension has not adequate common carrier transportation service; that there was a public convenience to be served and a necessity for such service.
 

 Such being its conclusion and there being evidence sufficient to sustain the same, we cannot substitute our judgment for that of the commission. Entertaining these views, it is our conclusion that the findings and order of the commission are neither unreasonable nor unlawful, and the same are therefore affirmed.
 

 Order affirmed.
 

 Marshall, C. J., Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.