*274
 
 Stewart, J.
 

 The complainant claims that, because of close clearances of the tracks of the railroad in its Hayes avenue Sandusky yard, an unsafe condition exists, and that such tracks are located in violation of Section 8976-1, General Code, which reads as follows:
 

 “After the effective date of this act and except in cases in which the Public Utilities Commission of Ohio finds that such placement or construction is impracticable, material of all kinds and all permanent structures such as buildings, walls, coal bins, tunnels, bridges, station shelter sheds, stand pipes, signal masts, poles, freight platforms and structures of like character, placed adjacent or contiguous to a track of a railroad by a county, municipality, township, railroad company, other corporation, or person, shall not be less than eight feet in the clear from the center of such track, measured horizontally therefrom and such lateral clearance shall be uniformly maintained vertically upward a distance of twenty-one feét from the top of rail. The foregoing does not apply to present structures. The Public Utilities Commission is hereby given full power and authority to prescribe rules and regulations governing all such placement and construction.”
 

 Complainant contends that the commission has authority, by reason of Section 614-3, General Code, to correct the claimed unsafe condition at the yard.
 

 Section 614-3, General Code, reads:
 

 “The Public Utilities Commission of Ohio is hereby vested with the power and jurisdiction to supervise and regulate ‘public utilities’ and ‘railroads’ as herein defined and provided and to require all public utilities to furnish their products and render all services exacted by the commission, or by law, and also to promulgate and enforce all orders relating to the protection, welfare and safety of railroad employees and the traveling public.”
 

 
 *275
 
 It is conceded by all parties to this case that there is no specific requirement law of the state which the railroad is violating by the manner in which it maintains its tracks at the yard, and that the sole question is whether the order of the commission, dismissing the complaint, is unlawful and unreasonable either for want of evidence to support it or because it is against the weight of the evidence.
 

 In a long line of decisions, this court has held that a finding and order of the Public Utilities Commission will not be disturbed by the Supreme Court unless such finding and order are against the manifest weight of the evidence.
 
 Lorain-Amherst Transit, Inc.,
 
 v.
 
 Public Utilities Commission,
 
 147 Ohio St., 376, 379, 71 N. E. (2d), 705;
 
 Continental Freight Forwarding Co. v. Public Utilities Commission,
 
 126 Ohio St., 16, 183 N. E., 790;
 
 Lykins
 
 v.
 
 Public Utilities Commission,
 
 115 Ohio St., 376, 154 N. E., 249.
 

 In the case last cited, on page 382, Judge Robert H. Day said:
 

 “We are not unmindful of the rule that we may not substitute our judgment for that of the commission as to the conclusion to be drawn from the evidence, unless the same is manifestly against the weight thereof. ’ ’
 

 Counsel for complainant argue that a person need not be killed or maimed in order to demonstrate that a track condition is unsafe, and they cite the language of Chief Justice Weygandt, in the case of
 
 New York Central Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 139 Ohio St., 373, 376, 377, 40 N. E. (2d), 429, as follows:
 

 “The company argues that the evidence is silent as to any death or accident resulting from the questioned practice. This is correct but not conclusive. It hardly can be contended that someone must be killed or injured before the commission is authorized to find the practice dangerous.”
 

 
 *276
 
 With this statement we thoroughly agree.
 

 The safety record at the yard is not conclusive as to the safety of the track clearances but surely the many continuous years in which no accident has occurred is evidence thereof. The absence of accidents, the ability of fairly good sized men to walk between regular cars in the clearance spaces at their narrowest points, the care taken to break in new employees, the constant warnings of the necessity for care when passing narrow clearances, the plans of the railroad to widen clearances and relocate tracks, and the fact that the statement in the manual of the American Railway Engineering Association is a recommendation only which has not crystallized into law furnish evidence upon which the commission was justified in making its finding and order.
 

 The question is not whether this court would have made a different order under the evidence, but whether the commission was free from an abuse of discretion and whether the order of the commission is unlawful or unreasonable.
 

 We are of the opinion that the commission was justified in relying upon the good faith of the railroad. It must be remembered that the jurisdiction of the commission is a continuing one, and, if the future should demonstrate that confidence in the good faith of the railroad was not justified or subsequent conditions make it appear that the track placements in the yard are unsafe or, because of close clearances, unreasonably threaten harm to the employees in such yard, complainant is not foreclosed from again bringing the matter to the commission’s attention.
 

 The order of the commission is neither illegal nor unreasonable and is affirmed.
 

 Order affirmed.
 

 Weygandt, C. J., Turner, Matthias, Hart, Zimmerman and Sohngen, JJ., concur.