The dismissal order of the commission recites that the company had taken care of the accumulation of wild growth, debris and rubbish along and between the yard tracks, and no further mention is made of that subject in the order.
The order of the commission finds it had jurisdiction by virtue of Section 614-3, General Code, to promulgate and enforce proper orders relating to the protection, welfare and safety of railroad employees and the traveling public and citesAkron Barberton Belt Rd. Co. v. Public Utilities Commission,148 Ohio St. 282, 74 N.E.2d 256.
The order states that the sole question before the commission was whether it should promulgate an order requiring oil-burning switch lights on all essential and active switches on the tracks of the company in the yards in question. The order expresses the opinion of the commission that the evidence did not show, and there had been insufficient experience to demonstrate, that the present and contemplated use of reflectorized targets creates a condition that is dangerous to railroad employees and the traveling public. The order states that the evidence did not bear out the contention that the use of reflectorized targets in place of oil-burning switch lights, especially when switching *Page 328 
is performed in accordance with the rules of the company, creates a hazard; and that, as a matter of fact, neither the company nor the "brotherhood" had shown that the use or nonuse of either oil-burning lights or reflectorized targets on switches had caused or not caused accidents and injuries either to railroad employees or the traveling public. The order of the commission states further that the evidence showed that oil-burning switch lights and reflectorized targets were used on many switches, that the deduction could be made that the company will use either oil-burning lights or reflectorized targets as conditions and necessity of each switch warrant, and that many switches never had and do not need either oil-burning lamps or reflectorized targets to designate their locations.
Although the assignment of errors sets forth three claimed errors, counsel for appellant in their brief present only two questions covering such errors. The questions will be stated and decided seriatim.
1. Are the findings of fact and order of the commission manifestly against the weight of the evidence, and unreasonable and unlawful?
As stated in Co-operative Legislative Committee ofTransportation Brotherhoods v. Public Utilities Commission,150 Ohio St. 270, 80 N.E.2d 846, which statement is supported by cases cited in the opinion, this court will not substitute its judgment for that of the commission as to conclusions drawn from the evidence, unless the finding and order are manifestly against the weight of the evidence or there is no evidence to sustain such finding and order.
There is testimony in the record to support the conclusion that all essential and active switches are equipped with oil-burning switch lights. Counsel for appellant citeBrotherhood of Locomotive Firemen and Enginemen v. Mobile Ohio Rd. Co., 362 Ill. 122, 199 N.E. 283, in which the railroad was ordered to restore *Page 329 
lights which had been removed from main-track switches. That case is inapplicable to the present proceeding in which there was no testimony as to removal of switch lights from main tracks, essential switches or active switches. Furthermore, there is nothing in the record suggesting that the company proposed to substitute reflectorized targets for oil-burning lamps. No question of such substitution or replacement was in issue. On the contrary, the company was proceeding to install reflectorized targets on switches which were not equipped with signals and was ordered by the commission to cease such installation pending further order. In fact, the main subject of the ordering of the installation of oil-burning switch lights became subordinate to the controversy whether reflectorized targets were effective, create a hazard, promote safety for the employees and traveling public or expedite switching operations.
Counsel for appellant in their brief insist that the installation of oil-burning switch lamps at two switches, after accidents, is conclusive proof that such a lamp is a safety device. The record does not establish that the absence of switch lamps was a cause of those accidents.
Such counsel contend that if the safety of the employees and others exposed to the hazards is to be recognized, oil-burning switch signals should be required where signals are found to be necessary. This contention was covered by the latter part of the order of the commission reciting the deduction that the company will use lights or targets as conditions and necessity of each switch warrant.
2. The action taken by the commission does not fully meet and dispose of its responsibility under the facts and law.
Counsel for appellant argue that the commission refused to determine the safeness or unsafeness of reflector *Page 330 
signals and, in effect, told the appellant to seek other evidence of accidents and injury due to reflectorized signals. That argument is answered by the findings in the commission's order and supported by the evidence, i. e., that many switches do not need either oil-burning lamps or reflectorized targets, that the use of reflectorized targets does not create a condition dangerous to the railroad employees and the traveling public, and that it has not been shown that accidents and injuries were or would be caused by the use of reflectorized targets. In regard to accidents, the company produced a record of accidents involving switches during a seven-year period. As to accidents occurring during the night season, two of the eight reportable train accidents involving switches occurred at switches equipped with oil-burning lights; of eight reportable personal injury accidents to employees, four happened at switches equipped with such lights; and of 16 nonreportable (minor) accidents to employees, nine were at switches equipped with oil lamps. Although the record shows that passenger trains daily passed through these yards, there is no testimony that members of the traveling public received personal injuries where switches were involved. Considering the number of cars handled in the yards in question, the small number of accidents during the seven years was a tribute to management and operatives in conducting a line of work from which all hazards cannot be eliminated.
The order of the Public Utilities Commission is not unlawful or unreasonable and is, therefore, affirmed.
Order affirmed.
WEYGANDT, C.J., MATTHIAS, HART, ZIMMERMAN, TURNER and STEWART, JJ., concur.
TAFT, J., not participating. *Page 331