Per Curiam.

This is an appeal by the Railway Express Agency, Inc., from an order of the Public Utilities Commission *70 granting to United Parcel Service, Inc., a certificate of public convenience and necessity to transport property, of limited size and weight, by motor vehicle over irregular routes throughout Ohio, subject to specified restrictions.
The matter originated before the Public Utilities Commission, hereinafter called the commission, when on January 7, 1959, United Parcel Service, Inc., a Delaware corporation, hereinafter called United, filed an application, later amended, with the commission for a certificate of public convenience and necessity “to operate motor vehicles for the transportation of property as a motor transportation company * * * in intrastate commerce on call of the public, over irregular routes from and to all points in the state of Ohio. ’ ’
Protests opposing the granting of the application were filed by the Railway Express Agency, Inc., the appellant herein and hereinafter referred to as Agency, and a number of other certificated motor transportation companies operating in territory covered by United’s application.
Agency is a common carrier by railroad and by motor vehicle and is engaged in the transportation of property, a large portion of which consists of parcels weighing 50 pounds or less. United’s application was referred by the commission to one of its attorney examiners for hearing and recommendation. The hearing was had and consumed some 21 hearing days. From a perusal of the testimony, we thinlc that the finding, that the small-parcel transportation service by motor vehicle furnished by United at modest rates is of a specialized and unique kind, is supportable and justified. United’s uniformed drivers call at the places of business of shippers to pick up shipments and deliver the same promptly and directly to the consignees. No other transportation organizations, including the United States Parcel Post System and Agency, offer as complete and convenient a program.
Many shippers appeared as witnesses before the examiner in support of United’s application and advanced cogent and persuasive reasons why the service provided by United is convenient, necessary and peculiarly adapted to their needs.
The examiner’s summation of the testimony and his findings of fact and recommendation are unusually detailed and comprehensive. They cover over 100 pages of single-spaced *71 legal-size typewritten sheets of paper. Among the examiner’s comments in his general discussion, substantiated by competent testimony appearing in the transcript of the evidence, are the following:
“The facilities to be utilized by applicant [United] in its proposed operation and the facilities utilized by the regular route common carriers are different in character. The facilities of applicant are specifically geared and designed to provide for the movement of small package traffic, while the facilities of the regular route common carriers are not so specifically geared and designed for the handling of such traffic. It must be further pointed out that applicant will be engaged in the business of a package delivery service, such service being completely different from that engaged in by the existing regular route common carriers. Such package delivery service is a much needed service by the shipping and receiving public in this state. The service presently being rendered by the existing regular route common carriers is not reasonably adequate to fill the need of the shipping and receiving public as to that traffic applicant proposes to transport and the service presently being rendered by the existing regular route carriers is not of the same kind and character as that proposed by applicant.
it*##
“Such protesting common carriers do not possess the specialized facilities geared and designed for the specialized handling of small package traffic and such irregular route carriers merely consolidate such small package traffic with other freight of all weights and sizes handled by them in the ordinary course of their operations. They do not provide ‘next day’ delivery on all small packages to all points in Ohio. Should small packages be destined to points in Ohio where a sufficient volume of traffic would not be destined to justify the dispatching of a piece of equipment, such small traffic would be dispatched when a sufficient volume of traffic warranted the dispatching of a piece of equipment.
U * # *
“After examining the testimony and evidence as to the service applicant proposes to render; the testimony as to the need by the public for such proposed service; the type of traffic to be transported; the testimony and evidence of the protest *72 ants as to the service they are presently rendering to the shipping and receiving public, this examiner can reach only one conclusion and such conclusion is that there is the existence of public convenience and necessity for the service applicant proposes to render. * * *
ÍÍ* * *
‘ ‘ In view of all the testimony and evidence presented to this examiner, it is his considered opinion that he has no alternative than to recommend the granting of the instant application, as amended.
t(# * *
“This examiner does not believe, as a general proposition, certificates of public convenience and necessity can be granted solely on the theory of lower rates alone. However, this examiner desires it to be clearly understood that he is not recommending the granting of the instant application solely on the basis of applicant’s lower rates alone. There is a more compelling reason, such being that there is a ‘pressing’ need for the service applicant proposes to render for that traffic moving in the parcel post system, and that the services of the existing common carriers are not reasonably adequate to meet the needs of shippers in the transportation of such traffic. ’ ’
In the examiner’s findings of fact, the following observations are made:
“(1) The instant application, as amended, is in proper form and all technical requirements of the statutes have been met;
“ (2) Publication has been made as required by law;
“ (3) The applicant is a proper party to which the requested authority may be granted;
“(4) The applicant has sustained the burden of proving public convenience and necessity for the service it proposes to render;
“(5) The service of the existing common carriers is not reasonably adequate for the transportation of that traffic applicant proposes to transport;
“(6) All protests to the instant application, as amended, are not well made and should, therefore, be overruled;
“(9) The service applicant proposes to render is, and has *73 been held by the commission, to be specialized service, distinguishing same from that rendered by the ordinary common carriers by motor truck of general property and general commodities * # *.
“ (10) Protestant Railway Express Agency, Inc., is a regular route carrier and inasmuch as applicant proposes to render service as an irregular route common carrier, no sixty (60) day order is required to be served upon the Railway Express Agency, Inc.”
The examiner then continued by naming other protestants and relating specific reasons why their protests should be overruled.
Next, the examiner recommended that the application of United, as amended, be granted, and that United be issued an irregular certificate of public convenience and necessity to transport property over irregular routes from and to all points in Ohio subject to restrictions relating to the weight and size of parcels to be carried, transportation of parcels and packages for retail stores and specialty shops, transportation of property originating in the city of Columbus and points in the Columbus commercial zone as existing or as later defined by the commission, other than property having a prior movement via United to such points, the transportation of exposed motion picture film and the rendition of service to specified shippers.
Complaint is made that the order entered by the commission is not in conformity with Section 4903.09, Revised Code. True, the commission in its finding and order adopted as its own, as if fully rewritten, the report of the examiner with its various elements, but in such order compliance was made with the procedure found adequate in New York Central Rd. Co. v. Public Utilities Commission, 164 Ohio St., 289, 130 N. E. (2d), 365. See Mt. Vernon Telephone Corp. v. Public Utilities Commission, 163 Ohio St., 381, 127 N. E. (2d), 14.
The assumption must be indulged that the commission performed its duty and exercised independent judgment in making the finding and order it issued.
It is perhaps of some significance that of the numerous protestants, some of them vigorous protestants, who appeared before the commission, Agency was the only one to perfect an appeal to this court from the commission’s order.
*74 An examination of the entire record in the instant case convinces us that factual issues, properly determinable in the first instance at least by the commission, are largely in dispute, and that the findings of such facts as made by the commission are supported by competent evidence.
On many occasions this court has held that it will not substitute its opinion or judgment for that of the commission on questions of fact; that an order of the commission will not be reversed unless it is manifestly against the weight of the evidence or that there is no evidence to sustain it; and that, if, upon examination, an order of the commission does not appear to be unreasonable or unlawful, it will not be disturbed. Co-Operative Legislative Committee of Transportation Brotherhoods v. Public Utilities Commission, 150 Ohio St., 270, 80 N. E. (2d), 846; Baltimore & Ohio Rd. Co. v. Public Utilities Commission, 156 Ohio St., 282, 102 N. E. (2d), 246; and 45 Ohio Jurisprudence (2d), 200, 201, Section 44.
We have noted and considered the nine assignments of error advanced by Agency and discover none of them of sufficient gravity to warrant a reversal of the commission’s order.
Upon the ultimate conclusion that the order of the commission is neither unreasonable nor unlawful, the same is affirmed.

Order affirmed.

Weygandt, C. J., Zimmerman, Matthias and Bell, JJ., concur.
Herbert, J., not participating.