CITY OF KENTON; ADAMS ET AL., APPELLANTS, *v.* PUBLIC UTILITIES
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as City of Kenton v. Pub. Util. Comm., 3 Ohio St. 2d 71.]

(No. 38974—Decided July 7, 1965.)

Messrs. *Brindley & Roof,* Mr. *John L. Roof* and Mr. *James F. DeLeone,* for appellants.

Mr. *William B. Saxbe,* attorney general, Mr. *Theodore K. High* and Mr. *Jay C. Flowers,* for appellee the Public Utilities Commission of Ohio.

Messrs. *Laylin, McConnaughey & Stradley* and Mr. *George C. McConnaughey,* for appellee The Kenton Telephone Company.

*Per Curiam.* In the original brief of appellants arguments were listed under seven headings, although no assignments of error were set forth.

In oral argument and in a supplemental brief of appellants, filed subsequent to oral argument by permission of the court,

the appellant alleged error in the finding of the commission in two respects: (1) rate base depreciation, and (2) rate of return.

Appellants argue that the finding of the commission that the rate base depreciation should be determined upon the evidence submitted by the commission's staff, based upon the "field observation method," is contrary to law.

The commission had before it evidence by company witnesses, based upon "field observation" of the company's property, and evidence from its staff witnesses, based upon the "field observation method" and the "office method."

The question raised by appellant is a weight-of-the-evidence question, and this court has repeatedly held that it will not substitute its judgment for that of the commission as to conclusions drawn from the evidence, unless the findings and order of the commission are manifestly against the weight of the evidence, or there is no evidence to sustain such findings and order. *Co-operative Legislative Committee of the Transportation Brotherhoods* v. *Public Utilities Commission*, 150 Ohio St. 270, paragraph one of the syllabus; also *Lorain-Amherst Transit, Inc.*, v. *Public Utilities Commission*, 147 Ohio St. 376, 379; *Continental Freight Forwarding Co.* v. *Public Utilities Commission*, 126 Ohio St. 16, paragraph one of the syllabus; *Lykins* v. *Public Utilities Commission*, 115 Ohio St. 376, 382; *East Ohio Gas Co.* v. *Public Utilities Commission*, 133 Ohio St. 212, 221, 222.

The record is plain that there was evidence to support the finding of the commission with regard to rate base depreciation.

Appellants rely upon the case of *Ohio Edison Co.* v. *Public Utilities Commission*, 173 Ohio St. 478. The appellants misconstrue the holding of that case. That case stands for the proposition that the commission, in determining rate base depreciation, is not required to use only the "field observation method," as was contended by the appellant in that case.

Judge Taft, who wrote the opinion in the *Ohio Edison case*, summed up the applicable law, at page 482, when he said:

"Although this court might have reached a different conclusion from that of the commission on the question of fact as to the amount of existing depreciation, the majority of the

court are of the opinion that the finding of the commission thereon in the instant case is not against the weight of the evidence.''

The second contention of the appellants is labeled ''rate of return.'' However, an examination of appellants' arguments reveals their confusion with regard to this subject. An examination of the record in this case indicates that the commission followed the steps set forth in the case of *City of Cleveland* v. *Public Utilities Commission*, 164 Ohio St. 442, paragraphs numbered one through six in the *per curiam* opinion, at pages 443 and 444, in determining the statutory rate base, the fair annual rate of return and the annual dollar return and the annual expenses and in fixing the rates for the service rendered.

In determining the amount of expense to be allowed for the payment of federal income tax, the commission followed the law as stated in the case of *General Telephone Co.* v. *Public Utilities Commission*, 174 Ohio St. 575. The appellants confuse rate of return and annual expense in their arguments.

The appellants argue that the commission, in determining rate of return, should have used the capital structure ratio of the parent company, which the appellants assert was, at the date certain, approximately 57% debt and 42% equity.

As of the date certain, the capital structure of the company was largely equity, with a small amount of short-term indebtedness. However, in determining the rate of return, the commission did not use this capital structure of the appellee as of the date certain, but used a ratio of 55% debt and 45% equity.

This court can not say that that was an unreasonable ratio of debt to equity for the capital structure since it conformed very closely to the ratio of the parent company and since it produced a rate of return of 6.14%, which is below a rate of return that has been approved by this court in prior cases. *City of Cincinnati* v. *Public Utilities Commission* (1949), 151 Ohio St. 353, paragraph three of the syllabus; *City of Marietta* v. *Public Utilities Commission* (1947), 148 Ohio St. 173, 183, 184; *East Ohio Gas Co.* v. *Public Utilities Commission* (1940), 137 Ohio St. 225, paragraph five of the syllabus.

Furthermore, the appellants have made no objection to the 6.14% rate of return upon the statutory rate base.

It should be noted that the commission did not grant as high a rate of return as was asserted to be necessary by the company witness on this subject, which was the only evidence presented in the record with regard to rate of return.

On the record, the appellants can not successfully contend that they were prejudiced by the capital structure used by the commission to determine the proper rate of return.

The appellants contend that in determining the amount of expense to be allowed for the payment of federal income tax the commission should not have used the indebtedness of the company as of the test year in determining the allowance for interest, but should have used the indebtedness of the company during a later year than the test year.

This would have been manifestly unfair and contrary to law (*General Telephone Co.* v. *Public Utilities Commission, supra*). The money which was borrowed in a year subsequent to the test year was used to purchase property, which then became a part of the rate base and upon which the company would be entitled to a return to pay the interest and principal upon the debt which was incurred to purchase that property. Likewise, other elements of annual expense would be greatly different in this subsequent year from those in the test year, as of which time they were computed in this proceeding as required by law. *City of Cleveland* v. *Public Utilities Commission, supra.*

Commissioner McGovern, who dissented with regard to several items of the first findings and order of the commission, dated June 19, 1963, as being unfair to the subscribers, recognized the unfairness [to the company] of the commission's allowance of interest on an indebtedness incurred in a year subsequent to the test year, when she said:

"The other matter has to do with the computation of federal income tax expense. Interest on debt during a later year than the test year is deducted in the amount of $42,900. Company exhibit C, Blue Sheet 6, indicates that pro forma interest payable on test year debt as of the end of the year would be $9,682.50. While I agree it is reasonable to take account of the changing requirement for debt capital, I question whether

it is entirely fair to take the full interest deduction of an ensuing year.''

The commission's findings are based upon and supported by the evidence in the record and are in accordance with the law as pronounced by this court.

The order of the commission is neither unreasonable nor unlawful and is, therefore, affirmed.

*Order affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.