ARMCO STEEL CORP., APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.
REPUBLIC STEEL CORP. ET AL., APPELLANTS, *v.* PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

(Nos. 68-364 and 68-365—Decided December 31, 1968.)

*Mr. Carlton S. Dargush, Jr., Mr. Roger F. Day* and *Mr. Orin Slagle, Jr.,* for appellant in case No. 68-364.

*Messrs. George, Greek, King, McMahon & McConnaughey* and *Mr. A. Charles Tell,* for appellants in case No. 68-365.

*Mr. William B. Saxbe,* attorney general, *Mr. J. Phillip Redick* and *Mr. Langdon D. Bell,* for appellee Public Utilities Commission.

*Messrs. Bricker, Evatt, Barton & Eckler, Mr. Robert L. Barton, Mr. Albert W. Laisy, Mr. Donald M. Tolmie, Mr. Edward A. Kaier* and *Mr. Richard J. Murphy,* for appellees Steam Railroads.

*Per Curiam.* Armco Steel Corporation, in case No. 68-364, and Republic Steel Corporation and The Youngstown Sheet and Tube Company, in case No. 68-365, have appealed to this court from the April 3, 1968, order of the Public Utilities Commission of Ohio, whereby, upon their application, railroads operating in Ohio were granted authority to increase by ten cents per ton the charge for trans-

porting iron ore from lower Lake Erie ports in Ohio to consuming points within Ohio—a wholly intrastate operation.

In seeking a reversal of the order, appellants contend that the increase allowed by the order is discriminatory as to them and violative of Section 4907.35, Revised Code, and further that it is based upon insufficient, improper and irrelevant evidence, and that consequently the order is unreasonable and unlawful.

The cited code section prohibits a railroad from collecting or receiving from one person a greater or less compensation for the transportation of persons or property than is charged any other person for like transportation. A conviction for violating the statute subjects the offending railroad to the payment of specified amounts into the treasury of the state of Ohio.

In answering appellants' charge of discrimination, it is argued by appellees that there is no violation of Section 4907.35, Revised Code, for the reason that the increased rates granted by the commission, acting under authority of Sections 4907.03 and 4907.27, Revised Code, apply to *all* iron ore transported in Ohio and apply equally to all those within the state affected by such transportation.

Surely, Section 4907.35, Revised Code, relates exclusively to intrastate rates, and, since *all rates* for transporting iron ore in Ohio have been increased by ten cents per ton, the claim of discrimination by the appellants is not maintainable.

Evidence was introduced before the commission by the railroads that they have been subject generally to substantial increases in the cost of labor and materials in operating their systems, coupled with a decrease in revenues, and that such a situation justifies the allowance of an increase in transportation rates. We believe this was competent and admissible evidence and that the commission had a right to consider and weigh it in arriving at its determination.

It was also noted by the commission that there had

been no increase in rates for the intrastate transportation of commodities since 1960, and that it is a matter of common knowledge and abundantly clear that inflationary trends are constantly adding to the cost of railroad operations.

The sanctioned increase of ten cents per ton is not startling, is considerably less than requested by the railroads and corresponds with the increase approved by the Interstate Commerce Commission for interstate shipments of iron ore.

Under the Ohio statutes, railroads are placed in a separate and distinct class.

This court stated in the opinion in the case of *Ohio Coal Assn.* v. *Pub. Util. Comm.*, 164 Ohio St. 108, 120, 128 N. E. 2d 39, 47, that "by reason of the nature of freight rates, the General Assembly has vested in the Public Utilities Commission broad discretion as to the proof which it shall require to establish a new and different rate."

And, in the case of *Delphos* v. *Pub. Util. Comm.*, 137 Ohio St. 422, 424, 30 N. E. 2d 688, 689, this language appears:

"In the interpretation of its [the commission's] jurisdiction in this regard, this court has on numerous occasions stated that a finding and order of the commission should not be disturbed and will not be disturbed unless it appears from the record that such finding and order are manifestly against the weight of the evidence, and are so clearly unsupported by it as to show misapprehension or mistake, or wilful disregard of duty."

We are unwilling to hold in the instant case that the challenged order of the commission is unreasonable or unlawful, and, accordingly, that order is affirmed.

*Order affirmed.*

ZIMMERMAN, MATTHIAS, O'NEILL and HERBERT, JJ., concur.

SCHNEIDER and BROWN, JJ., dissent.