BOYLE-MIDWAY, DIVISION OF AMERICAN HOME PRODUCTS
CORPORATION, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION
OF OHIO, APPELLEE.

(No. 70-323—Decided February 3, 1971.)

*Mr. Richard H. Brandon*, for appellant.

*Mr. Paul W. Brown*, attorney general, *Mr. Sheldon A. Taft, Mr. Gerald P. Wadkowski* and *Mr. Donald E. Ely*, for appellee.

DUNCAN, J. We are urged by appellant to hold that the commission's decision is unreasonable and unlawful in that the tariff committee failed to sustain its burden

of proof under R. C. 4909.27[1] to establish the tariff alteration as reasonable and just, appellant maintaining that the reasonableness and lawfulness of the tariff could not be supported by the type of evidence adduced.

In brief and in oral argument, appellant suggests that the quantum of evidence necessary to establish the reasonableness of the commission's decision increasing a rate is something greater than a preponderance of the evidence. We do not agree. The burden of proof upon a common carrier to show that the increased rate or proposed rate is just and reasonable, under R. C. 4909.27, is satisfied by a preponderance of the evidence. See paragraph eight of the syllabus of *Cincinnati* v. *Pub. Util. Comm.* (1949), 151 Ohio St. 353; and *Buckeye Stages* v. *Pub. Util. Comm.* (1927), 117 Ohio St. 540, 545, for similar holdings with regard to other P. U. C. O. decisions. Further, this court will not reverse a decision of the commission in the absence of a showing that it was manifestly against the weight of the evidence, or arbitrary, unjust, or unreasonable. *Kenton* v. *Pub. Util. Comm.* (1965), 3 Ohio St. 2d 71, 73; *Armco Steel Corp.* v. *Pub. Util. Comm.* (1968), 16 Ohio St. 2d 144; paragraph one of the syllabus of *Co-operative Legislative Committee* v. *Pub. Util. Comm.* (1948), 150 Ohio St. 270; *Lorain-Amherst Transit* v. *Pub. Util. Comm.* (1947), 147 Ohio St. 376, 379.

Appellant's most salient claim of evidentiary inadequacy is the absence of the proof of actual costs incurred by the motor carriers in transporting mixed shipments of household products in loads of less than 5,000 pounds.

Even though the proposed new class rates were shown by the evidence to be more than the existing commodity rates, the class rates are shown to be less than rates currently charged for the appellant's shipments of the same

---

[1]This section reads, in part: "At any hearing involving a rate increased or a rate sought to be increased, the burden of proof to show that the increased rate or the proposed increased rate is just and reasonable is upon the common carrier * * *."

kind of commodities to destinations into neighboring states.[2]

In addition to evidence before the commission consisting of rate comparisons with interstate shipments of the same commodities under a class rate scale, there was evidence of increased labor costs in 1969 and the unreasonably high ratio of costs expended to revenue received by at

---

[2]The following table was introduced into evidence by the respondents:

Comparison of
Ohio Intrastate vs. Interstate Rates
at Border Points
on Boyle-Midway Traffic
from
Canton, Ohio

| Weight | Huntington, W. Va. | Chesapeake, Ohio | |
| --- | --- | --- | --- |
| | | Present | Proposed |
| Minimum Charge | $6.65 | $5.75 | $5.75 |
| Less than 1,000℔ | 2.34 | 1.67 | 2.00 |
| 1,000 - 1,999℔ | 2.03 | 1.67 | 1.86 |
| 2,000 - 4,999℔ | 1 ⁻⁻ | 1.67 | 1.72 |
| LTL 5,000℔ & over | 1.35 | 1.13 | 1.13 |

| Weight | Covington, Ky. | Cincinnati, Ohio | |
| --- | --- | --- | --- |
| | | Present | Proposed |
| Minimum Charge | $6.65 | $5.75 | $5.75 |
| Less than 1,000℔ | 2.35 | 1.68 | 2.33 |
| 1,000 - 1,999℔ | 2.04 | 1.68 | 1.88 |
| 2,000 - 4,999℔ | 1.77 | 1.68 | 1.74 |
| LTL 5,000℔ & over | 1.36 | 1.14 | 1.14 |

| Weight | Sharon, Pa. | Masury, Ohio | |
| --- | --- | --- | --- |
| | | Present | Proposed |
| Minimum Charge | $6.35 | $5.75 | $5.75 |
| Less than 1,000℔ | 1.88 | 1.37 | 1.80 |
| 1,000 - 1,999℔ | 1.58 | 1.37 | 1.36 |
| 2,000 - 4,999℔ | 1.37 | 1.37 | 1.22 |
| LTL 5,000℔ & over | .98 | .87 | .81 |

least one of the carriers under commodity rates. In many instances, evidence of actual costs may be highly revealing to the fact finder, but judicial insistence that such evidence is the exclusive variety of evidence from which tariffs are to be established would unduly hobble the process of determination.

While the tariff committee did not introduce evidence of the actual cost of shipping appellant's products, the commission did conclude that the accounting systems used by these shippers were not conducive to an actual detailed cost determination for the intrastate shipment of appellant's products.

This court has recognized in a number of cases that the General Assembly has lodged broad discretionary powers in the Public Utilities Commission in determining the nature of proof it will require to establish a new and different freight rate. See *Ohio Coal Assn.* v. *Pub. Util. Comm.* (1955), 164 Ohio St. 108, 120; *Toledo Edison Co.* v. *Pub. Util. Comm.* (1954), 161 Ohio St. 221; *Armco Steel. Corp.* v. *Pub. Util. Comm., supra* (16 Ohio St. 2d 24).

We believe that the commission acted well within the confines of its discretion by considering evidence of comparison rates. The acceptance and use by the commission of evidence of comparison of similar interstate freight rates in reaching a finding as to the reasonableness of a proposed freight rate change has also been judicially approved by this court. Paragraph four of the syllabus of *Hocking Valley Ry. Co.* v. *Pub. Util. Comm.* (1927), 117 Ohio St. 304; *Toledo Edison Co.* v. *Pub. Util. Comm., supra* (161 Ohio St. 221). The propriety of consideration of increased costs of labor and materials in making such a determination is noted in *Armco Steel Corp.* v. *Pub. Util. Comm., supra* (16 Ohio St. 2d 144).

We reject the assertion that the order of the commission is unlawful or unreasonable. That order is affirmed.

*Order affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN and LEACH, JJ., concur.