GENE SLAGLE, INC., ET AL., APPELLANTS, v. PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

(No. 74-414—Decided January 29, 1975.)

*Messrs. Muldoon & Pemberton* and *Mr. David L. Pemberton,* for appellants.

*Mr. William J. Brown,* attorney general, *Mr. Keith F. Henley* and *Mr. Marvin I. Resnik,* for appellee Public Utilities Commission.

*Messrs. Power, Jones & Schneider, Mr. John Robert Jones* and *Mr. Andrew T. Jones,* for appellee General Telephone Company of Ohio.

*Per Curiam.* Where a public utility appeals a rate increase as being inadequate, and this court reverses the order which granted the increase and remands the cause to the Public Utilities Commission, with instructions to set forth the reasons prompting its decision, are the increased rates to be charged until compliance by the commission upon remand or must the rates be lowered to what they were before the increase?

R. C. 4903.09 provides, in part, that "[i]n all contested cases heard by the Public Utilities Commission, a complete record of all proceedings shall be made, including * * * findings of fact and written opinions setting forth the reasons prompting the decisions arrived at * * *." In *General Telephone Co.* v. *Pub. Util. Comm.* (1972), 30 Ohio St. 2d 271, 285 N. E. 2d 34, this court agreed with General

Telephone that the order in that case should be reversed because the commission had failed to sufficiently set forth the reasons prompting its decision, as mandated by R. C. 4903.09. The order was clearly unlawful. It follows, therefore, that General Telephone should not have continued to collect rates pursuant to an order which was unlawful and which had been reversed by this court.

Appellees contend, however, that even if the public utility could not continue to charge the increased rates established by the order, which was reversed in *General Telephone, supra*, it would be improper for the rates in effect prior to such order to be reinstated. Their assertion is based primarily upon the decision in *Cincinnati & Suburban Bell Telephone Co.* v. *Pub. Util. Comm.* (1923), 107 Ohio St. 370, 140 N. E. 86. In an effort to comprehend that case, however, attention must also be directed to *Cincinnati* v. *Pub. Util. Comm.* (1922), 105 Ohio St. 181, 137 N. E. 36. In viewing what transpired in those unusual cases, we do not consider them helpful in resolving the issue at hand. Furthermore, the reversal involved in those cases was ordered without any reason being given therefor. In *General Telephone Co.* v. *Pub. Util. Comm., supra,* the court specifically withheld consideration of the reasonableness of the rate ordered, placing the reversal upon the sole ground of a failure by the commission to observe the requirements of R. C. 4903.09. Cf. *Cincinnati & Suburban Bell Telephone Co.* v. *Pub. Util. Comm., supra.*

It is our conclusion that when the order of August 17, 1971, was reversed by this court, the increased rates pursuant to such order could no longer be lawfully charged, and those rates in effect prior to the above order were reinstated by operation of law, and continued in effect until further order of the commission.

The order sustaining the motion to dismiss the complaint is unlawful and must be reversed.

*Order reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and W. BROWN JJ., concur..