GENE SLAGLE, INC., ET AL., APPELLANTS, *v.* PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

(No. 76-1260—Decided May 11, 1977.)

*Messrs. Muldoon, Pemberton & Ferris* and *Mr. David L. Pemberton,* for appellants.

*Mr. William J. Brown,* attorney general, *Mr. Charles S. Rawlings* and *Mr. Marvin I. Resnik,* for appellee.

*Messrs. Power, Jones & Schneider, Mr. John Robert Jones* and *Mr. Andrew T. Jones,* for intervening appellee the General Telephone Company.

Sweeney, J.   The sole issue raised in the instant appeal is whether the General Telephone Company of Ohio (the "company"), upon reversal and remand by this court of an order of the commission approving a rate increase, was required to file a new rate schedule identical to that already on file, in order to comply with R. C. 4905.30 and 4905.32.

The commission approved a partial rate increase for the company on August 17, 1971, following which the company filed a new rate schedule.   On appeal to this court, the commission's order was reversed and remanded,[2] and the commission on remand, on September 29, 1972, issued a second order approving the same rates and giving reasons therefor.   The company did not file a new rate schedule until February 10, 1975.

Although the rate schedule already on file with the commission was identical to that approved by the commission in its order upon remand, appellants contend that the company's failure to file new schedules following the commission's order upon remand prevented the company from validly charging its customers those rates.

R. C. 4905.30 provides, in pertinent part, that:

"Every public utility shall print and file with the Public Utilities Commission schedules showing all rates, joint rates, rentals, tolls, classifications, and charges for service of every kind furnished by it, and all rules and regulations affecting them."

Likewise, R. C. 4905.32 states in part:

"No public utility shall charge, demand, exact, receive, or collect a different rate, rental, toll or charge for any service rendered, or to be rendered, than that applicaable to such service as specified in its schedule filed with

---

[2]*General Telephone Co.* v. *Pub. Util. Comm.* (1972), 30 Ohio St. 2d 271.

the Public Utilities Commission which is in effect at the time."

Thus, each public utility is required to file with the commission a schedule of rates reflecting what the utility is currently permitted to charge its customers. So long as the current rate schedule is accurate in the sense that it reflects the rate data approved by order of the commission, there is no requirement that a new schedule be filed at any particular time.

In the instant cause, failure to file a new rate schedule following the commission's order upon remand, did not affect the rates charged by the company after September 29, 1972, since the rates approved by the commission and subsequently charged by the company had already been accurately shown in the rate schedule filed by the company in 1971. R. C. 4905.30 and 4905.32 require only that the rate schedule specify what the utility is currently charging its customers, and there was no need for the company to mechanically refile a schedule when an accurate schedule had already been on file with the commission.

Therefore, the dismissal of appellants' complaint by the commission is affirmed as being neither unreasonable nor unlawful.

*Order affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN and LOCHER, JJ., concur.