CLEVELAND ELECTRIC ILLUMINATING COMPANY, APPELLANT, *v.*
PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as Cleveland Elec. Illum. Co. *v.* Pub. Util. Comm. (1983),
4 Ohio St. 3d 107.]

(No. 82-989—Decided April 13, 1983.)

108

*Mr. Alan D. Wright, Mr. Craig I. Smith, Messrs. Squire, Sanders & Dempsey, Mr. Alan P. Buchmann* and *Mr. Richard W. McLaren, Jr.,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Mr. Marvin I. Resnik, Ms. Marsha R. Schermer* and *Mr. Harris S. Leven,* for appellee Public Utilities Commission.

*Mr. William A. Spratley,* consumers' counsel, and *Mr. Martin J. Marz,* for intervening appellee Office of Consumers' Counsel.

*Per Curiam.* In the present appeal, CEI advances three propositions of law. First, CEI urges this court to re-examine its holding in *Consumers' Counsel, supra;* second, CEI challenges the constitutionality of R.C. 4909.15(A)(4); and third, CEI contests the adequacy of the commission's opinion and order.

The question whether the expenditures associated with the four terminated nuclear generating stations may be included in test year expenses as allowable operating expenses was addressed by this court in *Consumers' Counsel, supra.* In that case we held in the syllabus that:

"The Public Utilities Commission's treatment of a utility's investment in terminated nuclear generating stations as amortizable costs to be recovered from the utility's ratepayers is inconsistent with the ratemaking formula contained in R.C. 4909.15 and is unreasonable and unlawful."

In the present case, we are confronted with exactly the same issue arising out of exactly the same set of facts. We are no more persuaded by ap-

pellant's arguments today than we were when they were originally advanced in *Consumers' Counsel*. We adhere to our position taken in that case for the reasons expressed therein.

Appellant suggests, however, that such an interpretation of R.C. 4909.15(A)(4) constitutes a confiscation of private property in violation of the Fifth and Fourteenth Amendments to the United States Constitution. We recently addressed this precise constitutional question in *Dayton Power & Light Co.* v. *Pub. Util. Comm.* (1983), 4 Ohio St. 3d 91. After a thorough review of the applicable constitutional standards, we determined that R.C. 4909.15(A)(4) does not violate the Fifth and Fourteenth Amendments, stating, at pages 103-106:

"* * * Pursuant to the statutory ratemaking formula investors are assured a fair and reasonable return on property that is determined to be used and useful, R.C. 4909.15(A)(2), plus the return of costs incurred in rendering the public service, R.C. 4909.15(A)(4), while consumers may not be charged 'for utility investments and expenditures that are neither included in the rate base nor properly categorized as costs. [Footnote omitted.] We see no constitutional infirmity in the balance thus struck by the General Assembly.

"* * *

"* * * *Per se* confiscation in a utility rate case may exist as an abstract premise, but the constitutional cases make it clear that a successful challenge must demonstrate that the rate order when reviewed in its entirety falls outside the 'broad zone of reasonableness' [*Permian Basin Area Rate Cases* (1968), 390 U.S. 747, 770] and the 'heavy burden' of establishing unreasonableness must be borne by the challenger. [*FPC* v. *Hope Natural Gas Co.* (1943), 320 U.S. 591, 602.]

"* * *

"* * * *The rule is clear*: '* * * If the total effect of the rate *order cannot be said to be unjust and unreasonable, judicial inquiry* * * * *is at an end.*' * * *" (Emphasis added.) Moreover, the Constitution imposes no methodological strictures on ratemaking authorities. See *Dayton Power & Light Co., supra,* at page 98, fn. 8.

CEI has not demonstrated that the rate order in its entirety is confiscatory. The commission submits that CEI's failure to do so "precludes a finding of confiscation in this case."[3] The commission specifically adjusted the cost of common equity upward to reflect the perceived increased risk to investors as a result of this court's decision in *Consumers' Counsel, supra.* See the commission's order in case No. 81-146-EL-AIR, at page 40, and *Consumers' Counsel* v. *Pub. Util. Comm.* (1983), 4 Ohio St. 3d 111. This adjustment buttresses the conclusion that the instant order falls within the broad zone of reasonableness. Thus, even if appellant were correct in its assertion

---

[3] The commission states in its brief: "* * * [T]he Commission would submit that its rate of return finding, which CEI has not claimed is insufficient or even assailed, precludes a finding of confiscation in this case."

that the exclusion based on R.C. 4909.15(A)(4) is improper, there is nothing in the record to suggest that the commission's order, viewed in its entirety, would not still be constitutional because "any rate selected * * * from the broad zone of reasonableness * * * cannot be attacked as confiscatory." *Permian Basin Area Rate Cases, supra,* at page 770.

The law set forth in the second paragraph of the syllabus in *Dayton Power & Light Co., supra,* is controlling here: "The Public Utilities Commission's disallowance of a utility's request to treat its expenditures associated with a cancelled generating plant as amortizable costs pursuant to R.C. 4909.15(A)(4) does not violate the Fifth and Fourteenth Amendments to the Constitution of the United States."

We likewise reject appellant's final contention that the commission failed to render adequate findings of fact pursuant to R.C. 4903.09.[4]

R.C. 4903.09 states, in pertinent part:

"In all contested cases * * * the commission shall file * * * findings of fact and written opinions setting forth the reasons prompting the decisions arrived at * * *."

The purpose of R.C. 4903.09 is to provide this court with sufficient details to enable us to determine, upon appeal, how the commission reached its decision. See *General Tel. Co.* v. *Pub. Util. Comm.* (1972), 30 Ohio St. 2d 271 [59 O.O.2d 338]. In the present case, we find that the commission's order and opinion contained reasoning that adequately responded to CEI's claim. Indeed, where pertinent, the report alluded to specific passages from the transcript to support its rationale.[5] Accordingly, we find no violation of R.C. 4903.09.

For the above stated reasons, the order of the commission is affirmed.

*Order affirmed.*

CELEBREZZE, C.J., STEPHENSON, SWEENEY, C. BROWN and J. P. CELEBREZZE, JJ., concur.

HOLMES, J., concurs separately.

LOCHER, J., concurs in judgment only.

STEPHENSON, J., of the Fourth Appellate District, sitting for W. BROWN, J.

---

[4] Specifically, CEI contends that the commission has failed to adequately explain its conclusions on three issues: (1) the computation of the allowance for funds used during construction, (2) the evidentiary ruling made as to a particular exhibit, and (3) the determination of the allowable amount of fuel inventory.

[5] R.C. 4903.09 contains no requirement that the commission's findings of fact or reasonings be correct. Accordingly, we make no comment on the commission's actual disposition of the issues involved in CEI's third proposition of law.

HOLMES, J., concurring. I concur in the court's resolution of the first issue, which relates to the amortization of the cancelled nuclear generating stations, solely on the basis of *stare decisis*. However, I believe that the proper approach to this question was set forth in Justice Paul W. Brown's dissenting opinion in *Consumers' Counsel* v. *Pub. Util. Comm.* (1981), 67 Ohio St. 2d 153, 168 [21 O.O.3d 96], which I joined.